(2 Misc. Rep. 447.)

## FOGEL v. DERRICKSON.

(City Court of New York, General Term.   February 8, 1893.)

CONTRACTS—INTERPRETATION.

A contract by which an attorney promises to pay one fourth of the compensation received by him in a suit for the foreclosure of a mortgage to one who agrees to procure a retainer for him from the defendants in such suit, does not obligate him to pay to the one procuring the retainer any part of the compensation received by him in a partition suit instituted by him to prevent the sale on foreclosure of the mortgaged property in bulk, and to secure its sale in parcels.

Appeal from trial term.

Action by John P. Fogel against Samuel G. Derrickson on a written contract in which defendant agreed to pay plaintiff one fourth of the compensation to be received by defendant as attorney in a foreclosure suit.   From a judgment in plaintiff's favor, defendant appeals.   Affirmed.

Argued before McGOWN and FITZSIMONS, JJ.

Samuel G. Derrickson, for appellant.

Henri Pressprich, for respondent.

FITZSIMONS, J.   The heirs of one William Cooper, who died seised of certain real estate in Westchester county, N. Y., were parties defendant in a certain action brought to foreclose a mortgage which was a lien upon the real estate of said Cooper, deceased; Mitchell Valentine being plaintiff in said action.   The defendant herein, Derrickson, an attorney and counselor at law, represented William C. Cooper, one of the defendants in the foreclosure suit; and, wishing to be retained by the other defendants, he engaged the plaintiff to procure a retainer from such defendants in his (Derrickson's) favor, and for that purpose entered into the following written contract with plaintiff:

"New York, February 13th, 1891.

"This is to certify that I, the undersigned, agree to pay the just and full one fourth of my compensation hereafter received from the heirs of William Cooper, deceased, with the exception of William C. Cooper, which may accrue by reason of a surplus over and above a mortgage indebtedness, and in an action wherein Mitchell Valentine is plaintiff, and Margaret Cooper and others are defendants; and I direct the referee therein to pay the same to the bearer, John P. Fogel, Esq., of No. 3369 Third avenue, in the city of New York, the said one fourth of my share, and charge the same to my account, excepting the said William C. Cooper, whose one-fourth interest belongs to me absolutely, in which the said John P. Fogel does not participate therein.   That the said John P. Fogel has rendered very valuable services in and to the estate of said Cooper, deceased, as well as to all of the heirs interested therein; and, as a just recognition of such valuable services rendered, I do hereby obligate myself as aforesaid.

"Samuel G. Derrickson.

"Signed in the presence of A. E. Colgan."

The plaintiff, in pursuance of his employment under said agreement, procured the signature of several of the defendants in said foreclosure action, in which they agreed to pay Derrickson, for his services as attorney therein, one fourth of the surplus moneys realized upon the sale of the mortgaged premises, after deducting all of the expenses, costs, etc., of said suit.   The foreclosure action proceeded to judgment.   Derrickson

applied to have the mortgaged premises divided into lots, and sold in parcels, as it was conceded by the defendants in said action that that was the best way to sell the land; that, if the same was sold in bulk, it would probably realize no surplus over the mortgage debt of $8,000, and incidental costs and expenses. Derrickson's application was denied, and the property was ordered to be sold in bulk. Derrickson then had the sale under the foreclosure suit stayed, and commenced an action in partition for the same heirs, whose signatures the plaintiff had obtained in the foreclosure suit, retaining defendant therein. The partition suit was ,pursued to judgment, and sale thereunder was had; the premises being sold in parcels, as suggested by Derrickson in the foreclosure action. The land sold in this manner for between $16,000 and $17,000. The plaintiff states that the defendant told him he had received his share, one fourth of the surplus, amounting to $2,500; and this suit is for $625, under the written contract first mentioned. The jury rendered a verdict for plaintiff for $500.

The written contract upon which the plaintiff relies for his right to recover herein is clearly based upon, and relates only and solely to, a fee or percentage which the defendant would receive out of any net surplus arising on the sale in the foreclosure action; and it limits any claim which plaintiff may have against defendant, under their agreement, to the fee obtained by defendant for his services in such suit. Said agreement is not general in its terms. It does not invest in plaintiff a right to claim a part of any fee earned by defendant in any other action or proceeding. Plaintiff's claim against defendant is limited to the fee received by him from the sale in the partition action, which was not even thought of at the time of the execution of the agreement herein sued upon; and to permit a recovery is, in my opinion, to make and create for the parties a contract never contemplated by them. This action, if exercised by us, would be wrong, and a usurpation of power, and not a function or privilege of ours. Courts cannot make contracts for litigants. They can only construe and interpret contracts made by the litigants themselves. As it is conceded that the defendant only received out of the foreclosure action $150, no part of which the plaintiff is entitled to, and that all the other moneys received came out of the sale in the partition suit, I believe that defendant's motion to dismiss the complaint herein should have been granted, and that it was error for the trial justice to refuse to do so. The judgment must therefore be set aside, and the complaint dismissed, with costs.